IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 21-cv-00598-REB

N. M.,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed *pro se* February 26, 2021,[2] seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*[3]  I have jurisdiction to review the Acting Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully briefed, obviating the need for oral argument.  I affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Because plaintiff is proceeding *pro se*, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by attorneys.  **See *Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007).

[3] Although the parties consented to have the matter referred to and determined by a United States magistrate judge (*see* [#18], filed July 12, 2021), I exercise my discretion under **D.C.COLO.LAPR** 72.2(d) to decline to enter an order of reference under 28 U.S.C. § 636(c).

Plaintiff alleges she is disabled as a result of, *inter alia*, degenerative disc disease of cervical spine and of the lumbar spine (status post-fusion), scoliosis with psuedoarthritis, anxiety, and depression.  After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  The hearing was held on May 6, 2020.  At the time of this hearing, plaintiff was 31 years old.  She has a high school education and past relevant work experience as a Certified Nurse Assistant/certified medication technician,[4] personal care aide, bakery worker, and cashier.  She has not engaged in substantial gainful activity since at least October 19, 2017, her amended alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments were found to be non-severe.  The ALJ found plaintiff had the residual functional capacity to perform a reduced range of unskilled light work with various exertional limitations, including particularly lifting and carrying no more than 15 pounds and allowing plaintiff to alternate sitting and standing every 30 minutes, and which required few if any changes in work tasks or setting.  Although this conclusion precluded plaintiff's past relevant work, the ALJ found there were other jobs existing in sufficiently significant numbers in the national and local economies she could perform.  She

---

[4] The ALJ considered this a composite job.  **See Social Security Ruling** 82-61, 1982 WL 31387 at *2 (SSA 1982) ("[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT.").  **See also Lyda v. Colvin**, 221 F.Supp.3d 1254, 1258 (D. Colo. 2016).

therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Acting Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Acting Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

    1.    The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

    2.    The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

  3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

  4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

  5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Acting Commissioner to show the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

  Review of the Acting Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires

more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Acting Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Giving plaintiff's *pro se* brief the liberal construction to which it is entitled (***see supra*** n.2), I perceive her to have raised the following arguments on appeal: (1) the ALJ erred in concluding that certain of her alleged physical impairments were not severe; (2) the ALJ failed to give proper weight to her subjective complaints of pain and functional limitation; and (3) the disability determination is not supported by substantial evidence. Finding no merit in these contentions, however, I affirm.

The ALJ concluded at step two of the sequential analysis that plaintiff's alleged impairments of fibromyalgia,[5] osteopenia, heart arrhythmia, celiac disease, and chronic

---

[5] Although listing fibromyalgia in a series of non-severe impairments, the ALJ's actual discussion of this condition shows she found it to be a non-medically determinable impairment.  (Tr. 20.)  ***See*** 20 C.F.R. § 404.1521(a).  The definition of disability presupposes the existence of a medically determinable impairment, 20 C.F.R. § 404.1505(a), that is, an "anatomical, physiological, or psychological abnormalit[y] that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and which is "established by objective medical evidence from an acceptable medical source," 20 C.F.R. § 404.1521. More particularly, the existence of a medically determinable impairment cannot be based on a claimant's own report of her symptoms or a mere diagnosis.  20 C.F.R. § 404.1521(a); ***Zagorianakos v. Colvin***, 81 F.Supp.3d 1036, 1041-42 (D. Colo. 2015).  Although the record shows plaintiff received a diagnosis of and treatment for fibromyalgia (***see*** Tr. 262, 471, 1162), as the ALJ noted, it does not appear to include any objective medical evidence establishing the existence of this condition (***see*** Tr. 20).  As such, the ALJ was not required to consider whether this condition was severe.  ***See*** 20 C.F.R. § 404.1521(a).

cholecystits were non-severe, that is, they were merely a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  **Social Security Ruling** 85-28, 1985 WL 56856 at *3 (SSA 1985).  Nothing in the ALJ's meticulous examination of the medical evidence (or lack thereof) regarding each of these impairments gives me any reason to doubt her well-supported conclusion in this regard.  (**See** Tr. 20-21.)  **See Manning v. Colvin**, 182 F.Supp.3d 1156, 1164 (D. Colo. 2016) ("The court generally takes a lower court at its word when it says it has considered a matter.") (citing **See Hackett v. Barnhart**, 395 F.3d 1168, 1173 (10th Cir. 2005)).

Nevertheless, even if it were error to have found these alleged impairments non-severe, any such error would be harmless:

> At step 2, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. "Thus, step two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'" Because the conclusion that a claimant has at least one severe impairment requires the ALJ to proceed to the next step of the sequential evaluation, "the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe."

**Perotin v. Colvin**, 110 F.Supp.3d 1048, 1053 (D. Colo. 2015) (quoting **Dray v. Astrue**, 353 Fed. Appx. 147, 149 (10th Cir. 2009)).  Because the ALJ here found plaintiff suffered

---

Nevertheless, even if fibromyalgia did constitute a medically determinable impairment, it would not have been error to conclude it was non-severe, given that the minimal evidence of record suggests this condition was stable with medication.  (**See** Tr. 471.)

from other severe impairments and thus considered the remaining steps of the sequential analysis in evaluating her claim for benefits, the failure to find these alleged impairments to be severe presents no basis for reversal in itself.[6]

Nor can I fault the ALJ's determination to not credit fully plaintiff's subjective reports concerning her own perceived functional abilities and limitations. (Tr. 23-26.) "[C]redibility determinations are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citation and internal quotation marks omitted). So long as the ALJ links her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference. *Id.* at 910. *See also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); *Zagorianakos v. Colvin*, 81 F.Supp.3d 1036, 1045 (D. Colo. 2015).

Such deference is warranted on this record. The ALJ incorporated into the residual functional capacity assessment some of plaintiff's alleged limitations – regarding her abilities to lift, reach overhead, and switch positions regularly – and did so by painstakingly detailed citation to the evidence of record. (Tr. 23-24.). The same was true of those allegations the ALJ found insupportable based on the objective medical and other evidence. For instance, although plaintiff alleged she could only walk or stand for 15 to 20 minutes at a time, treating sources routinely reported her to exhibit full strength, normal range of motion, no problems with gait or balance, and no motor deficits during physical examinations. (*See, e.g.*, Tr. 657, 742, 770, 861, 872, 889, 923,

---

[6] In addition, the ALJ noted she had considered all plaintiff's alleged impairments, both severe and non-severe, in formulating her residual functional capacity assessment. (Tr. 21) Here again, the ALJ's well-substantiated discussion of the evidence of record and thoughtful analysis of plaintiff's functional abilities and limitations gives me no reason to doubt she did so. *See Hackett*, 395 F.3d at 1173; *Manning*, 182 F.Supp.3d at 1164.

1076, 1176, 1200.)[7]  Similarly, the record amply supports the ALJ's conclusion that plaintiff's mental capacity for work was no more limited than that described by the residual functional capacity assessment.  (Tr. 26.)  It shows that when she maintained a regimen of therapy and medication management, plaintiff generally was reported to be doing well despite her various stressors.  (*See, e.g.*, Tr. 277, 280, 282, 285-286, 289-290, 294, 296, 826, 1117-1118.)

Indeed, to a significant extent, the ALJ in this case afforded plaintiff every benefit of the doubt in construing and accommodating her subjective complaints of pain.  She found unpersuasive the opinion of the state agency psychological consultant, who opined plaintiff had only mild limitations in concentration, persistence, and pace, and no limitations in her ability to adapt or manage herself.  (*Cf.* Tr. 26-27 *with* Tr. 90.)  Although she found the opinion of the state agency medical consultant persuasive overall, she included additional limitations to account for the fact that plaintiff had another spinal fusion surgery scheduled.  (*Cf.* Tr. 26 *with* Tr. 91-93.)  *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (no reversible error in construing an adverse medical opinion in plaintiff's favor).  Moreover, this second surgery – along with a good deal of the evidence the ALJ addressed – occurred well beyond plaintiff's date last insured.[8]  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (evidence

---

[7]  The ALJ noted also that despite her complaints, plaintiff's treatment history was sporadic (Tr. 24-25), a conclusion which is borne out by the record (s*ee* Tr. 524, 528, 536, 542, 927).  *See Romero v. Colvin*, 2015 WL 3542783 at *8 (D. Colo. June 5, 2015) (evidence of sporadic treatment supports finding plaintiff's subjective complaints less credible).

[8]  To be entitled to benefits, a claimant must show she was fully "insured" during the period of her disability.  42 U.S.C. § 423(a)(1)(A).  A claimant is considered "insured" if she has sufficient "quarters of coverage" under one of four rules set forth in 20 C.F.R. § 404.130.  (A "quarter of coverage" is one of the four three-month periods which make up a calendar year, *see* 20 C.F.R. § 404.102, in which the claimant

after date last insured may be considered to extent it sheds light on disability during relevant time period). ***But see Johnson v. Berryhill***, 2017 WL 924477 at *4 (N.D. Okla. March 8, 2017) (ALJ's credibility findings not undermined by failure to discuss medical records significantly post-dating the date last insured). Thus, even crediting plaintiff's unsubstantiated arguments that her condition has deteriorated further since this second surgery, I cannot fault the ALJ for concluding that plaintiff's allegations of disability during the relevant time period were not fully credible.

For similar reasons, I find and conclude substantial evidence supports the ALJ's disability determination. In addition to the objective medical evidence on which the ALJ relied, she noted that, during the alleged period of disability, plaintiff was able to care for her two youngest children, undertake an advanced educational course to become a medical assistant, and complete a six-week externship.[9] (Tr. 25.) Although plaintiff plainly still suffers from pain related to her impairments, "disability requires more than mere inability to work without pain." ***Brown v. Bowen***, 801 F.2d 361, 362–63 (10th Cir.1986) (citation and internal quotation marks omitted). ***See also Qantu v. Barnhart***, 72 Fed. Appx. 807, 811 (10th Cir.2003) ("We emphasize that a claimant's inability to

---

was paid at least a threshold amount of "wages," 42 U.S.C. § 413(a)(2)(A)(ii); 20 C.F.R. § 404.143(a)(2), that is, "remuneration paid to [the claimant] as an employee for employment," 20 C.F.R. § 404.1041(a).) A claimant such as plaintiff, who alleges she became disabled before age 31, must show qualifying quarters of coverage in at least one-half (or no less than six) of the calendar quarters between her twenty-first and thirty-first birthdays. 20 C.F.R. § 404.130(c). The date last insured is the last day of the quarter a claimant meets these requirements; only disabilities existing before the date last insured establish entitlement to disability insurance benefits. ***Phillips v. Commissioner***, 2021 WL 2910654 at *1 n.1 (D. Colo. July 12, 2021). In plaintiff's case, that date is March 31, 2019. (***See*** Tr. 18, 180.) It was plaintiff's burden to prove she was disabled on or before that date. ***See Charafeddine v. Astrue***, 2013 WL 1232205 at *3 (D. Colo. March 27, 2013).

[9] I assume this work was unpaid. Nevertheless, work which does not constitute substantial gainful activity still may show ability work. 20 C.F.R. § 404.1571.

work pain-free, standing alone, is not sufficient reason to find her disabled."). The evidence is more than sufficient to substantiate the ALJ's disability determination. *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (court must uphold ALJ's determination unless there is a "conspicuous absence of credible choices or no contrary medical evidence") (citation and internal quotation marks omitted).

## IV.  ORDERS

I thus find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Acting Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated April 26, 2022, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge